**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VICKI LAKE,

    Plaintiff,

vs.                                                      Case No. 3:13-CV-448-J-32TEM

G4S YOUTH SERVICES, LLC,
a foreign limited liability company,

    Defendant.

_____/

**ORDER**

This is a discrimination action brought by Vicki Lake. Before the Court is the Dispositive Motion Of Defendant G4S Youth Services, LLC To Dismiss for Failure to State a Claim (Doc. 4) and Plaintiff's Response in Opposition. (Doc. 5.)

**I.**     **Allegations Of The Complaint**

Plaintiff files her complaint pursuant to the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act, the Florida Civil Rights Act (FCRA), and the Family Medical Leave Act (FMLA). (Doc. 2 at 1-2 (Compl. ¶ 5.) In her complaint, plaintiff alleges that she was an employee of Defendant at all times relevant to this action. (Doc. 2 at 2 (Compl. ¶ 6.) Plaintiff alleges she subsequently became disabled during her employment with Defendant. (Id. ¶ 7.) Plaintiff further alleges that she was an exemplary employee and that she was qualified for advancement opportunities in her employment with Defendant. (Id. ¶ 8.) Plaintiff alleges she was denied advancement opportunities by Defendant because of her disability or because of Defendant's perception of her disability. (Id. ¶ 8.)

Plaintiff further alleges that pursuant to the FMLA, she took leave in 2012 to attend to her serious health condition. (Id. ¶ 8; Doc. 2 at 4 (Compl. ¶ 22.) Plaintiff alleges that she was terminated in January, 2012 because of her disability or Defendant's perception of her disability, and that Defendant terminated her in retaliation for taking leave pursuant to the FMLA. (Doc. 2 at 2 (Compl. ¶11).

## II.     **Legal Standard**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiffs, construing the allegations in the light most favorable to the plaintiffs. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is

2

plausible on its face." Id. at 570.

## III.    Discussion

The complaint filed by Plaintiff is factually insufficient to "raise a right to relief above the speculative level." See Twombley, 550 U.S. at 555. With the exception of the very facts noted above in Part I, Plaintiff merely alleges the elements of each claim. Conclusory allegations without a factual basis are insufficient to meet the requirements of Fed. R. Civ. P. 8(a)(2). Edwards v. Prime, Inc., 602 F. 3d 1276, 1301 (11th Cir. 2010) ("[F]ormulaic recitation of the elements of a . . . claim, standing alone, does not satisfy the pleading standard of Federal Rule of Civil Procedure 8. Instead, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citations and quotations omitted).

However, Plaintiff may have leave to amend her complaint to add some factual content to her claims and to ensure all required elements of each claim are properly pleaded. Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) ("leave to amend shall be freely given when justice so requires") (citing Fed. R. Civ. P. 15(a)).

Accordingly, it is hereby

**ORDERED**:

1.     The Dispositive Motion Of Defendant G4S Youth Services, LLC To Dismiss for Failure to State a Claim  (Doc. 4) is **GRANTED** without prejudice to plaintiff filing an amended complaint.

2.     Plaintiff Vicki Lake shall file her Amended Complaint no later than November

30, 2013.

3. Defendant's response to the Amended Complaint shall be filed no later than December 20, 2013.

4. The deadlines and settings in the Court's Case Management and Scheduling Order (Doc. 12) remain in effect.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

bc
Copies to:
Counsel of Record